1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## SOUTHERN DISTRICT OF CALIFORNIA

12
13

MYKAL S. RYAN,

CASE NO. 11-CV-1852 JLS (WVG)

14

**ORDER: GRANTING DEFENDANTS' MOTION TO DISMISS**

15

Plaintiff,

16

vs.

17
18

TIMOTHY M. HYDEN, *et al.*,

19
20

Defendants.[1]

(ECF No. 4)

21
22

Presently before the Court is Defendants' motion to dismiss for improper venue or, in the

23

alternative, transfer for improper venue.  (MTD, ECF No. 4.)  Plaintiff has not filed an opposition,

24

nor have Defendants filed a reply.  The Court took the matter under submission without oral

25

argument pursuant to Civil Local Rule 7.1(d)(1).  Having fully considered the parties' arguments

26

and the law, the Court **GRANTS** Defendants' motion to dismiss for improper venue.

27
28

[1] Defendant Hyden is named in both his individual capacity and in his capacity as trustee for the John and Christy Ryan Family Trust.  (Compl., ECF No. 1.)

- 1 -                                          11cv1852

**BACKGROUND**

Plaintiff Mykal S. Ryan filed this pro se complaint on August 18, 2011.[2]  (Compl., ECF No. 1.)  On September 7, 2011, Defendants filed a motion to dismiss for improper venue, or in the alternative, to transfer due to improper venue.  Plaintiff filed a document entitled "Objection to the Motion to Dismiss and Request for Stay."  (ECF No. 12.)  The Court construed Plaintiff's filing as a request for an extension of time, which was granted.  (ECF No. 14.)  Even with an extension of more than four months, Plaintiff never filed a response to Defendants' motion to transfer.

Plaintiff's claims arise out of a prior suit brought against Plaintiff that removed him as trustee of the John and Christy Ryan Family Trust (hereinafter "the Trust")) for breach of fiduciary duty.  (MTD 2.)  In conjunction with that prior suit, judgments were entered against Plaintiff in California and Arizona totaling over one million dollars.  (*Id.*)  Further, the Alameda County Superior Court appointed Defendant Timothy M. Hyden as trustee of the Trust, and Defendant Matthew S. Toth was hired as an attorney for the Trust.  (*Id.* at 2–3.)  Subsequently, Defendants apparently employed Lee M. Quick, P.C. ("Quick") to help enforce and satisfy the judgments.  (*Id.* at 2.)  Quick was directed to sell property owned by Plaintiff in Yorktown, Virginia.  (*Id.*)

Plaintiff alleges a variety of claims against Defendants resulting from the judgments levied against him.  First, Plaintiff alleges that Defendant Hyden committed fraud by failing to notify the Alameda Superior Court that "no money was stolen from the family Trust."  (Compl. at 9.)  Plaintiff charges that Defendant Toth committed fraud by submitting "materially false documents that resulted in the judgments" against Plaintiff.  (*Id.* at 8–9.)  Further, Plaintiff asserts that both Defendants are guilty of perjury for claiming money was stolen from the Trust.  (*Id.* at 9.)  Additionally, while Quick was attempting to satisfy the judgments in regards to the Virginia property, Plaintiff alleges that Defendants authorized and directed Quick to access Plaintiff's

---

[2]  The Court notes that this is the fourth complaint that Plaintiff has filed in this District, all of which appear to arise from the same set of operative facts.  In all three previously filed cases, venue was determined to be improper in this District. *See Ryan v. Hyden*, Case No. 10-CV-1092 JLS (WVG) (filed May 20, 2010) (dismissed for lack of venue); *Ryan v. Hyden*, Case No. 10-CV-1206 MMA (WVG) (filed June 7, 2010) (dismissed for improper venue, lack of jurisdiction, and failure to state a claim upon which relief may be granted); *Ryan v. Quick*, Case No. 10-CV-1326 MMA (WMC) (filed June 23, 2010) (dismissed for improper venue and failure to serve defendant in accordance with Rule 4(m))) .

1  personal computer and retrieve financial and private data while Plaintiff was incarcerated for

2  trespassing.  (*Id*. at 8–9.)

3      Plaintiff makes additional allegations against Defendants based on the dismissal of the

4  three suits Plaintiff has previously filed, *see supra* at p.1 n.2.  As a result of those dismissals,

5  Plaintiff claims that Defendants have "defamed Plaintiff and resulted in the loss of his Federal

6  engineering position, the suspension of his TS/SCI security clearance" and have prevented him

7  from obtaining other employment or security clearance.  (Compl. at 9.)  Further, as a result of the

8  alleged dissemination of the personal information obtained by Quick, Plaintiff charges Defendants

9  with three common law claims, defamation, intentional infliction of emotional distress and

10  negligent infliction of emotional distress.  (*Id*. at 11–12, 15–16.)  Lastly, Plaintiff charges that

11  Defendants disclosed Plaintiff's medical records without authorization in violation of federal law.

12  (*Id.* at 17.)[3]

13      The events alleged in Plaintiff's Complaint took place in Contra Costa County and

14  Alameda County, California, and York County, Virginia.  (Compl. 5–7.)  Defendant Hyden is a

15  practicing attorney with his principal place of business in Contra Costa County, California.  (MTD

16  3, ECF 4-1.)  All of Defendant Hyden's acts, including his retention of Quick, were initiated from

17  Defendant Hyden's business office in Contra Costa County, California.  (*Id.*)  Defendant Toth is a

18  practicing attorney with his principle place of business in Contra Costa County, California.  (*Id.* at

19  4.)  In his Complaint, Plaintiff continues to assert that venue is proper in this Court because of

20  reasonable accommodation for his special needs due to his post-traumatic stress disorder

21  ("PTSD") and his familial responsibilities related to the care of his elderly father.  (Compl. 5–6.)

22                              **LEGAL STANDARD**

23      Federal venue determinations are governed exclusively by federal law.  *Stewart Org., Inc.*

24  *v. Ricoh Corp. 487 U.S. 22, 28* (1988).  Proper venue is simply based on the most convenient or

25  fair forum . . . as established by the various statutory criteria (such as Defendants' residences or

26  where the cause of action took place.)  *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d

27  _____

28  [3] Plaintiff's allegations are primarily repetitive of claims made in his previous complaints. However, his federal claim under 5 U.S.C. § 552a, the Privacy Act of 1992, is novel to the instant action.

1   834, 843 (9th Cir. 1986); *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167 (1939).

2   A motion to dismiss pursuant to Rule12(b)(3) is the appropriate method to challenge improper

3   venue.  Fed. R. Civ. P. 12(b)(3).

4           Under 28 U.S.C. § 1391(b),

5           A civil action wherein jurisdiction is not founded solely on diversity of citizenship
            may, except as otherwise provided by law, be brought only in (1) a judicial district
6           where any defendant resides, if all defendants reside in the same State, (2) a judicial
            district in which a substantial part of the events or omissions giving rise to the claim
7           occurred . . . , or (3) a judicial district in which any defendant may be found, if there
            is no district in which the action may otherwise be brought.
8
9           Once a defendant challenges venue, the plaintiff bears the burden of showing that venue is

10  proper.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  In

11  determining whether venue is proper, the Court may consider facts outside the pleadings probative

12  of the issue of venue.  *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  If the

13  Court determines venue is improper, it may dismiss the case, or if it is in the interest of justice, the

14  Court may transfer the case to any other district in which it could have been brought.  28 U.S.C.

15  § 1406(a); *Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 n.3 (9th Cir. 1982).

16  Ultimately, the decision whether to dismiss or transfer rests in the Court's sound discretion.  *See*

17  *King v. Russell*, 963 F.2d 1301, 1304–05 (9th Cir. 1992).

                                            **ANALYSIS**

18          The Court finds, pursuant to 28 U.S.C. § 1391(b), that venue is improper in the Southern

19  District of California.  Defendants are residents of Contra Costa County, which is not within the

20  Southern District of California.  The substantial part of the events that gave rise to the instant

21  cause of action took place in Virginia.  Furthermore, there are two appropriate venues available to

22  Plaintiff (either the Northern District of California or Eastern District of Virginia).

23          Plaintiff as much as concedes that venue is improper in the Southern District of California,

24  but continues to bring suit in this District as a "reasonable accommodation for his disability,"

25  namely his PTSD.  (Compl. 3–4.)  Specifically, Plaintiff claims he is unable to travel because

26  PTSD causes Plaintiff to suffer from panic attacks.  (*Id.* at 5.)  Plaintiff asserts that by denying

27  venue, Plaintiff would be barred "the opportunity to prosecute the case, to attend the trial, to

28  confront witnesses and to present evidence so as to protect his liberty and property interest."  (*Id.*

1   at 4.)  However, it is well established that Plaintiff "may have his 'day in court' without ever

2   setting foot in a courtroom."  *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 11 (2d Cir. 1995); *see*

3   *also Utoafili v. Trident Seafoods Corp.*, 2009 WL 6465288, at *6 (N.D. Cal. Oct. 19, 2009) ("Even

4   if this Court were to presume a strong likelihood that Plaintiff would be unable to travel to

5   Washington for trial herself, physical disability alone is generally not sufficient to conclude that a

6   distant venue would effectively deprive a plaintiff of her day in court."); *Hale v. Vacaville*

7   *Housing Auth.*, 2009 WL 311399, at *1 (N.D. Cal. Feb. 9, 2009) ("[A]lthough Hale states she has

8   a 'disability' and problems understanding the English language, such circumstances do not provide

9   a basis for venue in the Northern District.").  Plaintiff has not cited a single controlling authority

10  for the proposition that his disability entitles him to the forum of his choosing under 28 U.S.C.

11  § 1391(b).

12          Accordingly, the Court must determine whether to dismiss this case for improper venue or

13  to transfer it to another district in which it could have been brought.  Transfer is appropriate only if

14  it is in "the interest of justice . . . ."  28 U.S.C. § 1406; *see also Goldawr, Inc. v. Heiman*, 369 U.S.

15  463, 466–67 (1962).  "[T]he interest of justice is not served by allowing a plaintiff [who]

16  committed an obvious error in filing . . . in the wrong court, and thereby imposed substantial

17  unnecessary costs on both the defendant and the judicial system, simply to transfer [his] action to

18  the proper court . . . ."  *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993).  If a

19  plaintiff deliberately chooses an improper forum and "expresse[s] no interest in transfer," a district

20  court does not abuse its discretion if it elects to dismiss instead of transfer.  *King v. Russell*, 963

21  F.3d 1301, 1304–05; *see also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515,

22  1523 (9th Cir. 1983) ("Justice would not have been served by transferring Wood's claims back to a

23  jurisdiction he purposefully sought to avoid through blatant forum shopping.").

24          Here, Plaintiff deliberately filed this action in the Southern District of California,

25  apparently with the knowledge that venue would be improper.  Plaintiff expresses no interest in a

26  transfer and suggests that he will not participate if this case is transferred to a proper venue.

27  (Compl. 5 ("Plaintiff's PTSD disability prevents him from travel outside of San Diego County . . .

28  Plaintiff has not traveled outside San Diego County since 2008.").)  Plaintiff's conscious choice to

1   file this case in an improper venue—in his fourth suit regarding the same set of events—has

2   imposed substantial costs on Defendants and the Court, requiring Defendants to bring and the

3   Court to address the instant motion.  Accordingly, the Court finds that transferring this case to a

4   proper venue would not serve the interest of justice.

5                                               **CONCLUSION**

6          For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss for

7   improper venue and **DENIES AS MOOT** Defendants' alternative request to transfer for improper

8   venue.  The Clerk shall close the file.

9          **IT IS SO ORDERED**.

10

11   DATED:  August 3, 2012

12                                                    _____
                                                       Honorable Janis L. Sammartino
13                                                     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28